**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jenghiz K. Stewart,<br>Plaintiff<br>-vs-<br>Medical Review Committee, et al.,<br>Defendants. | CV-11-0997-PHX-JWS (JFM)<br><br>**Report and Recommendation** |

**Background** - Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on May 19, 2011 (Doc. 1). The case was dismissed on screening, Plaintiff appealed, and the judgment was vacated in part. (Order 8/9/11, Doc. 8; Mandate 10/18/12, Doc. 15.) Service was ultimately ordered on March 29, 2013. (Order 3/29/13 at 26.) That service Order provided:

> Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

(Order 3/29/13, Doc. 26 at 4.)

Service has progressed, with service on Defendants Gilchrest and Myers completed (Docs. 36, 46), and service on the remaining five defendants recently being returned unexecuted (Docs. 39, 40, 43, 44, and 45). Defendant Gilchrest has recently filed an Answer (Doc. 41). A scheduling order has not yet been entered.

On May 7, 2013, Plaintiff filed a Motion to Stay (Doc. 34). In that motion, Plaintiff provided notice of his anticipated release from prison on May 11, 2013, and sought a six month delay in the proceedings to permit him to get settled and to obtain transportation. On May 16, 2013, the motion was denied, and Plaintiff was given fourteen days to file a notice of change of address. (Order 5/16/13, Doc. 35.)

Plaintiff has not filed a notice of change of address. Plaintiff's copies of the Order to Show Cause (Doc. 35) and a Waiver of Service (Doc. 36) were returned undeliverable, indicating Plaintiff was no longer in custody. (Docs. 37, 38.)

Defendants have since filed a Notice of Service of Discovery Requests (Doc. 41) reflecting service on Plaintiff at the same prison complex as Plaintiff's address of record, the Eyman Prison in Florence, Arizona, but indicating the "Rynning Unit", rather than the "SMU-1" unit reflected in Plaintiff's address of record. A review of the Arizona Department of Corrections website reflects, however, that Plaintiff's status is "inactive," his last movement was on May 11, 2013, his sentence end date was May 11, 2013, and his release type is an absolute discharge. *See* http://www.azcorrections.gov/inmate_datasearch/results_Minh.aspx?InmateNumber=137924&LastName=STEWART&FNMI=J&SearchType=SearchInet, last accessed 6/21/13.

**Failure to Prosecute** - Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

Moreover, Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to

1 prosecute.

2 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

12 Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to keep the Court informed of his correct address and failure to respond to the Court's orders as to his address prevents the case from proceeding in the foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor requires the Court to consider whether a less drastic alternative is available.  Without confirmation of Plaintiff's current address or his response to the Court's orders, however, certain alternatives are bound to be futile.  Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail."  856 F.2d at 1441.

21 The undersigned finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

27 / /

28 / /

**IT IS THEREFORE RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS FURTHER ORDERED** that a copy of this Report and Recommendation be mailed to Plaintiff at his address of record and to ASPC-Eyman, Rynning Unit, P.O. Box 3100, Florence, AZ 85132-3100.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the magistrate judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the magistrate judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: June 24, 2013

James F. Metcalf
United States Magistrate Judge

11-0997o RR 13 06 21 re OSC FTP NCA.docx