# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart,<br>Plaintiff<br>-vs-<br>Medical Review Committee, et al.,<br>Defendants. | CV-11-0997-PHX-JWS (JFM)<br><br>**Report and Recommendation<br>on Motion to Dismiss for<br>Failure to Prosecute** |

In an Order filed July 15, 2013 (Doc. 53), the Court referred Defendants' Motion to Dismiss for Failure to Prosecute to the undersigned for preparation of a Report and Recommendation.

**Background** - Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on May 19, 2011 (Doc. 1). The case was dismissed on screening, Plaintiff appealed, and the judgment was vacated in part. (Order 8/9/11, Doc. 8; Mandate 10/18/12, Doc. 15.) Service was ultimately ordered on March 29, 2013. (Order 3/29/13 at 26.) That service Order provided:

> Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

(Order 3/29/13, Doc. 26 at 4.)

Service has progressed, with service on Defendants Gilchrest and Myers completed (Docs. 36, 46), and service on the remaining five defendants being returned unexecuted (Docs. 39, 40, 43, 44, and 45). Defendant Gilchrest has filed an Answer (Doc. 41). A scheduling order has not yet been entered.

On May 7, 2013, Plaintiff filed a Motion to Stay (Doc. 34). In that motion, Plaintiff provided notice of his anticipated release from prison on May 11, 2013, and

1

sought a six month delay in the proceedings to permit him to get settled and to obtain transportation. On May 16, 2013, the motion was denied, and Plaintiff was given fourteen days to file a notice of change of address. (Order 5/16/13, Doc. 35.)

Plaintiff did not file a notice of change of address. Plaintiff's copies of the Order to Show Cause (Doc. 35) and a Waiver of Service (Doc. 36) were returned undeliverable, indicating Plaintiff was no longer in custody. (Docs. 37, 38.) A review of the Arizona Department of Corrections website reflects, however, that Plaintiff's status is "inactive," his last movement was on May 11, 2013, his sentence end date was May 11, 2013, and his release type is an absolute discharge. *See* http://www.azcorrections.gov/inmate_datasearch/results_Minh.aspx?InmateNumber=137924&LastName=STEWART&FNMI=J&SearchType=SearchInet, last accessed 8/28/13.

On June 25, 2013, the undersigned filed a Report and Recommendation (Doc. 48), recommending that the case be dismissed **without prejudice** as a result of Plaintiff's failure to file a notice of change of address. In the interim, on June 24, 2013, Defendant filed a Motion to Dismiss for Lack of Prosecution (Doc. 47), the instant motion. Plaintiff was given through July 11, 2013 to respond to the motion. (Order 6/25/13, Doc. 49.) That Order warned Plaintiff of the risk of dismissal if he failed to respond.

On July 5, 2013, Plaintiff filed a Motion for Extension of Time to Respond (Doc. 52) to the Motion to Dismiss, and provided a new address. On July 15, 2013 (Doc. 53), District Judge Sedwick granted the Motion for Extension, directed renewed service of the Motion to Dismiss, set a response deadline of August 16, 2013 and referred the Motion to Dismiss to the undersigned for a Report and Recommendation. Renewed service was completed on July 16, 2013 (Doc. 54). On July 22, 2013 (Doc. 55), Judge Sedwick rejected the Report and Recommendation which has *sua sponte* recommended dismissal for failure to prosecute.

Plaintiff's copy of the latter order was returned undeliverable (Doc. 56). Plaintiff has not responded to the Motion to Dismiss, and has not filed a new notice of change of

address.

**Motion to Dismiss** – Defendant's Motion to Dismiss seeks dismissal ***with prejudice*** for failure to prosecute for failure to comply with the Court's order to file a notice of change of address, and failing to keep the Court and Defendant apprised as to his contact information. Defendant provides an Arizona Department of Corrections Inmate Record reflecting Plaintiff's release.

As discussed hereinabove, Plaintiff has not responded, and the time to do so has expired. Plaintiff's copy of the Order (Doc. 53) has not been returned undeliverable, although his copy of the subsequent Order (Doc. 55) was returned undeliverable as "Refused."

**Failure to Prosecute** - Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." Moreover, Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff has taken no action, apart from two motions seeking extensions (Docs. 34, 52) and a now invalid change of address (Doc. 50), to prosecute this action since service was initiated in May, 2013.

Further, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute. Moreover, it constitutes a failure to comply with the Court's explicit orders that he file a notice of change of address. (Docs. 26 and 35.)

Finally, despite obtaining an extension of time to do so, Plaintiff has failed to respond to the Motion to Dismiss. Local Civil Rule 7.2(i) provides that failure to respond to a motion "may be deemed a consent to the denial or granting of the motion,

and the Court may dispose of the motion summarily." Plaintiff's failure to respond to the Motion to Dismiss should be considered a consent to the granting of the motion.

**<u>Dismissal as Sanction</u>** - In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his correct address and failure to respond to the Court's orders as to his address prevents the case from proceeding in the foreseeable future. Moreover, Defendant and the Court has now been subjected to extensive delays in the prosecution of this case by Plaintiff's feint at responding to the Motion to Dismiss. The delay is compounded by the overall age of the case.

The fourth factor, as always, weighs against dismissal.

Defendants seek dismissal *with prejudice*. The fifth factor requires the Court to consider whether a less drastic alternative is available.

> the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?

*Malone v. U.S. Postal Service*, 833 F.2d 128, 132 (9th Cir. 1987).

The undersigned originally found that only one less drastic sanction was

realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." The undersigned finds that a dismissal with prejudice would be unnecessarily harsh. That finding was based upon the presumption that Plaintiff was, as a result of the returned mails, unaware that his case faced dismissal.

As found previously, without confirmation of Plaintiff's current address or his response to the Court's orders, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441. Moreover, the Court has already, in essence, warned Plaintiff via the original Report and Recommendation that dismissal was the likely result of his failure to prosecute. Despite that warning, Plaintiff has again failed to comply.

In the present situation, Plaintiff was aware of the motion to dismiss and the Court's order setting a deadline to respond. He was further made doubly aware of the risk of dismissal as a result of failing to keep the Court apprised of his address, by virtue of the motion and the original Report and Recommendation. Despite that knowledge, Plaintiff has failed to respond to the motion to dismiss, to provide his current address, and to otherwise prosecute this case. His doing so in the face of a *sua sponte* recommendation to dismiss without prejudice, and a motion to dismiss with prejudice indicate no sanction will motivate him to action.

Accordingly, the Court has: (1) explicitly considered alternatives to dismissal with prejudice; (2) implemented alternatives to curing the failure to prosecute before dismissing, e.g. rejecting a recommendation to dismiss with prejudice and extending the time for Plaintiff to pursue the action; and (3) repeatedly warned Plaintiff of the risks of his behavior, *e.g.* in the service order (Doc. 26), the Report and Recommendation (Doc. 48), and the scheduling Order (Doc. 49) on the Motion to Dismiss.

Under these circumstances, a dismissal **with prejudice** is appropriate. *See Malone*, 833 F.2d at 133 (upholding dismissal with prejudice for failure to prosecute).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Prosecution, filed June 24, 2013 (Doc. 47) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for failure to prosecute.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the magistrate judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the magistrate judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: August 28, 2013

James F. Metcalf
United States Magistrate Judge

11-0997o Order 13 08 28 re RR on MTD.docx